JUDGE TORRES

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Eric J. Gitig
Andrew P. Kimble
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

# 13 CIV 5951

RECEIVED
AUG 23 2013
U.S.D.C. S.D. N.Y.
CASHIERS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ROLDAN MONZON, on behalf of himself and all others similarly situated,

        Plaintiff,

  -against-

103W77 PARTNERS, LLC, SMOKIN' JFRASER INC., and JOHN FRASER,

        Defendants.

---

**CLASS ACTION COMPLAINT**

Plaintiff Roldan Monzon ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.    This lawsuit seeks to recover minimum wages, overtime compensation, spread-of-hours pay, misappropriated gratuities, uniform-related expenses, and other wages for Plaintiff and his similarly situated co-workers – servers (captains, front servers), bartenders, runners, bussers (server assistants, back waiters), baristas, and all other "tipped workers" – who work or have worked at Dovetail, a restaurant located at 103 West 77th Street, New York, New York 10024.

2.    Dovetail is owned, operated, and controlled by Defendants 103W77 Partners, LLC, Smokin' JFraser Inc., and John Fraser (collectively, "Defendants").

3.     Since opening in December 2007, Dovetail has been critically acclaimed for its contemporary American cuisine.  The restaurant was awarded 3 stars by the New York Times in 2008, received a coveted Michelin star in 2011, and has been reviewed in numerous print and online publications, including the New York Times, New York Magazine, New York Daily News, TimeOut New York, and Crain's New York Business.

4.     Defendant John Fraser ("Fraser"), the Executive Chef and Proprietor of Dovetail, has also received a myriad of accolades.  Fraser was listed as one of four American "young chefs to watch" by Esquire Magazine in 2006, and was the winner of the Star Chef's Rising Star Award in 2008.  Before opening Dovetail, Fraser worked at several world-renowned restaurants, including French Laundry in Napa Valley, and Taillevent and Maison Blanche in Paris.

5.     Throughout Plaintiff's employment, Defendants have applied a tip credit to tipped workers' wages and paid tipped workers a reduced minimum wage rate.  Defendants, however, have not satisfied the requirements under the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") by which they could take a tip credit towards the basic minimum hourly rate paid to tipped workers.

6.     In that regard, Defendants have: (a) failed to provide tipped workers with notification of the tipped minimum wage rate or tip credit provisions of the FLSA or NYLL, or of their intent to apply a tip credit to tipped workers' wages; (b) required tipped workers to share gratuities with employees in positions that are not entitled to tips under the FLSA or the NYLL; (c) failed to furnish tipped workers with accurate wage statements with each payment of wages; and (d) required tipped workers to spend over two hours per day, and in excess of twenty percent of their time at work, engaged in a non-tipped capacity.

7.      Defendants have required tipped workers to participate in a mandatory tip pooling arrangement whereby gratuities are distributed to polishers, expediters, and assistant managers, as evidenced by Dovetail's "Dining Room Tip Sheets."  Polishers and expeditors have not been entitled to receive tips from Dovetail's tip pool because they have not interacted with or provided personal service to customers.  Assistant managers, on the other hand, have not been eligible to receive tips at Dovetail because they have exercised meaningful authority and control over tipped workers.

8.      Additionally, upon information and belief, Defendants have misappropriated gratuities from tipped workers by retaining portions of mandatory gratuities and/or service charges paid by customers hosting private banquets.  This practice was held to be unlawful by the New York Court of Appeals in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), and violates Section 146-2.19 of the 2011 New York Hospitality Industry Wage Order, which explicitly states that:

> Adequate notification [of an administrative charge not purported to be a gratuity or tip] shall include a statement in the contract or agreement with the customer, and on any menu and bill listing prices, that the administrative charge is for administration of the banquet, special function, or package deal, is not purported to be a gratuity, and will not be distributed.

9.      Further, Defendants have required tipped workers to spend a substantial amount of time performing non-tip producing "side work," including, but not limited to: ironing table cloths, vacuuming the dining room, cleaning windows, taking out the garbage, wiping down the kitchen, cleaning/scraping candlesticks, folding napkins, polishing serving trays and plates.  These duties were generally performed before Dovetail opened for business or after it closed, when there were no customers in the restaurant.  In fact, Defendants have consistently scheduled tipped workers to arrive at Dovetail approximately three hours before the restaurant opened for an "ironing" shift. As a result of this practice, tipped workers have often spent over two hours in a workday, and in excess of twenty percent of their time at work, engaged in a non-tipped capacity.

10.     Throughout Plaintiff's employment, Defendants have maintained a policy and practice whereby tipped workers were not paid the appropriate overtime rate for all hours worked beyond 40 per workweek.  In fact, Plaintiff's paystubs indicate that he was repeatedly paid either his regular hourly rate or the tip credit overtime rate for hours worked in excess of 40 per workweek.

11.     Throughout Plaintiff's employment, Defendants have maintained a policy and practice whereby tipped workers were not paid spread-of-hours pay when the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

12.     Throughout Plaintiff's employment, Defendants have required tipped workers to purchase and wear a uniform consisting of clothing that may not be worn by tipped workers as part of their ordinary wardrobe.  Defendants have failed to reimburse tipped workers for the purchase of mandatory uniforms, launder and maintain mandatory uniforms for tipped workers, or pay tipped workers the required weekly amount for uniform maintenance in addition to the minimum wage.

13.     Defendants apply the same employment policies, practices, and procedures to all tipped workers at Dovetail.

14.     Plaintiff brings this action on behalf of himself and all similarly situated current and former tipped workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

15.     Plaintiff also brings this action on behalf of himself and all similarly situated current and former tipped workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiff**

    **Roldan Monzon**

16.      Plaintiff is an adult individual who is a resident of Brooklyn, New York.

17.      Plaintiff has been employed by Defendants as a busser and runner at Dovetail from in or around August 2008 to present.

18.      Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

19.      A written consent form for Plaintiff is being filed with this Class Action Complaint.

**Defendants**

20.      Defendants have jointly employed Plaintiff and similarly situated employees at all times relevant.

21.      Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

    **103W77 Partners, LLC**

22.      Together with the other Defendants, Defendant 103W77 Partners, LLC ("103W77") has owned and/or operated Dovetail during the relevant period.

23.      103W77 is a domestic limited liability company organized and existing under the laws of New York.

24.      Upon information and belief, 103W77's principal executive office is located at 103 West 77th Street, New York, New York 10024, the address of Dovetail.

25.      103W77 is the corporate entity that appears on Plaintiff's paystubs for work performed at Dovetail.

26.     103W77 is the "Premises Name" that appears on the New York State Liquor Authority license for the premises doing business as "DOVETAIL," located at "103 WEST 77TH STREET, NEW YORK, NEW YORK 10024-6909."

27.     103W77 is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

28.     At all relevant times, 103W77 has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

29.     103W77 applies the same employment policies, practices, and procedures to all tipped restaurant workers at Dovetail, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, uniform-related expenses, and customer tips.

30.     Upon information and belief, at all relevant times, 103W77's annual gross volume of sales made or business done was not less than $500,000.00.

**Smokin' JFraser Inc.**

31.     Together with the other Defendants, Smokin' JFraser Inc. ("Smokin' JFraser") has owned and/or operated Dovetail during the relevant time period.

32.     Smokin' JFraser is a domestic business corporation organized and existing under the laws of New York.

33.     According to the New York State Department of State – Division of Corporations, Smokin' JFraser's principal executive office is located at "103 W. 77TH STREET, NYC, NEW YORK, 10024," the address of Dovetail.

34.     According to the New York State Department of State – Division of Corporations, the Chief Executive Officer of Smokin' JFraser is "JOHN FRASER," the Executive Chef and Proprietor of Dovetail.

35.     Smokin' JFraser is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

36.     At all times relevant, Smokin' JFraser has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

37.     Smokin' JFraser applies the same employment policies, practices, and procedures to all tipped restaurant workers at Dovetail, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, uniform-related expenses, and customer tips.

38.     Upon information and belief, at all times relevant, Smokin' JFraser's annual gross volume of sales made or business done was not less than $500,000.00.

**John Fraser**

39.     Upon information and belief, Fraser is a resident of the State of New York.

40.     According to the "About" section of Dovetail's website, http://dovetailnyc.com/about-dovetail, Fraser is the "Executive Chef/Proprietor" of Dovetail.

41.     Fraser identifies himself as the chef and owner of Dovetail on his Facebook and Twitter profiles.

42.     Fraser is identified by the New York State Liquor Authority as a "Principal" for the premises doing business as "DOVETAIL," located at "103 WEST 77TH STREET, NEW YORK, NEW YORK 10024-6909."

43.     Fraser is identified by the New York State Department of State – Division of Corporations as the Chief Executive Officer of Smokin' JFraser.

44.     At all relevant times, Fraser has had the power over personnel decisions at Dovetail, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

45.     At all relevant times, Fraser has had power over payroll decisions at Dovetail, including the power to retain time and/or wage records.

46.     At all relevant times, Fraser has been actively involved in managing the day to day operations of Dovetail.

47.     At all relevant times, Fraser has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

48.     At all relevant times, Fraser has had the power to transfer the assets and/or liabilities of Dovetail.

49.     At all relevant times, Fraser has had the power to declare bankruptcy on behalf of Dovetail.

50.     At all relevant times, Fraser has had the power to enter into contracts on behalf of Dovetail.

51.     At all relevant times, Fraser has had the power to close, shut down, and/or sell Dovetail.

52.     Fraser is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

53.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

54.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

55.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

56.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

57.     Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of himself and all similarly situated persons who work or have worked as tipped workers at Dovetail in New York, who elect to opt-in to this action (the "FLSA Collective").

58.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

59.     Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid minimum wages for all hours worked or the appropriate premium overtime compensation for all hours worked beyond 40 per workweek.

60.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

61.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

(a)     willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked and the appropriate premium overtime wages for all hours worked in excess of 40 hours in a workweek; and

(b)    willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

62.    Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by unlawfully taking a tip credit against the minimum wage rate paid to Plaintiff and the FLSA Collective, and failing to properly compensate Plaintiff and the FLSA Collective for the overtime hours they work.

63.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective minimum wage for all of the hours they worked.

64.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for hours worked in excess of 40 hours per week.

65.    Plaintiff and the FLSA Collective perform or performed the same primary duties.

66.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

67.    There are many similarly situated current and former tipped workers who have been denied minimum wage and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

68.    Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

69.    In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

70.    Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as tipped
> workers and similar employees at Dovetail in New
> York between August 23, 2007 and the date of final
> judgment in this matter (the "Rule 23 Class").

71.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

72.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

73.     Upon information and belief, the size of the Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

74.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

75.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

(b)     whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they worked;

(c)     whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(d)     whether Defendants failed to provide Plaintiff and the Rule 23 Class with spread-of-hours pay when the length of their workday was greater than 10 hours;

(e)     whether Defendants misappropriated tips and/or service charges from Plaintiff and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips and/or service charges paid by customers that were intended for Plaintiff and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiff and the Rule 23 Class;

(f)     whether Defendants distributed or retained a portion of the tips paid by customers to workers who are not entitled to receive tips under the NYLL;

(g)     whether Defendants failed to reimburse Plaintiff and the Rule 23 Class for uniform-related expenses in violation of the NYLL;

(h)     whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(i)     whether Defendants failed to furnish Plaintiff and the Rule 23 Class with wage notices, as required by the NYLL;

(j)     whether Defendants failed to furnish Plaintiff and the Rule 23 Class with accurate statements of wages, hours worked, rates paid, gross wages and the claimed tip allowance, as required by the NYLL;

(k)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(l)     the nature and extent of class-wide injury and the measure of damages for those injuries.

76.     The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent.  Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendants as tipped workers at Dovetail in New York.  Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be properly compensated for all hours worked, to be paid spread-of-hours pay, to retain customer tips, and to be reimbursed for uniform-related expenses.  Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

77.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiff understands that as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Rule 23 members.

78.     In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

79.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

80.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

81.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Roldan Monzon**

82.     Defendants have not paid Plaintiff the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that he was suffered or permitted to work each workweek.

83.     Plaintiff has received weekly paychecks from Defendants that have not properly recorded, or compensated him for, all of the hours he has worked.

84.     Defendants have applied a tip credit to Plaintiff's wages, rather than pay Plaintiff the full minimum wage rate.

85.     Defendants have not provided Plaintiff with notification of the tipped minimum wage or tip credit provisions of the FLSA or NYLL, or of their intent to apply a tip credit to Plaintiff's wages.

86.     Defendants have required Plaintiff to spend over two hours in a workday, and in excess of twenty percent of his time at work, engaged in a non-tipped capacity.  In that regard, Plaintiff has consistently been required to perform a substantial amount of time performing non-tip producing "side work," which was generally performed before Dovetail opened for business or after it closed, when there were no customers in the restaurant.  At all times, however, Defendants have applied a tip credit towards Plaintiff's hourly wages, rather than compensate Plaintiff at the full minimum wage rate.